UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JORGE LANDA-PALAFOX,<br><br>   Defendant. | NO. CR-02-2099-RHW<br>CV-07-3075-RHW<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY** |

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 127).

Petitioner, acting *pro se*, is currently held at the Elkon Federal Correctional Institute in Lisbon City, Ohio. On March 4, 2003, Defendant entered a guilty plea to two counts of Distribution of a Controlled Substance (Methamphetamine) in violation of 21 U.S.C. § 841(a). On January 24, 2004, Defendant was sentenced to 145 months in custody, a five year term of supervised release, and $200 special penalty assessment. Defendant appealed his sentence to the Ninth Circuit Court of Appeals. On June 16, 2006, the Ninth Circuit affirmed the sentence, holding that this court did not clearly err in denying Defendant's motion for a downward adjustment for being a minor participant, properly found that Defendant was ineligible for the application of the safety-valve, and imposed a reasonable sentence (Ct. Rec. 109). Defendant petitioned the United States Supreme Court for

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY ~ 1**

review, which was denied on October 2, 2006.

Defendant filed this instant motion on August 27, 2007. Defendant presents the following arguments in his motion: (1) the Government breached the plea agreement; (2) denial of effective assistance of counsel; (3) violation of due process when imposing the obstruction of justice enhancement; and (4) use of minor uncounseled prior convictions to unjustly enhance sentencing exposure. The Court directed service and the Government filed a response to Defendant's motion.

## BACKGROUND FACTS

The relevant background facts are taken from the plea agreement:

> In January, 2002, a confidential informant ("CI") provided information concerning individuals selling pound quantities of methamphetamine out of a business located in Yakima, Washington.
> Starting in February, 2002, DEA, working with the CI, was able to introduce Det. Uriel Mendoza ("Mendoza") of CCNU[1] to the co-Defendants and thereafter make several purchases from those individuals.
> On February 22, 2002, Mendoza made contact with Defendant Villalba-Lopez at the business. Mendoza then negotiated the purchase of one-half pound of methamphetamine which had been cut into ounce baggies for $2,000.00. Villalba-Lopez first removed an ounce baggie from behind some insulation in the south wall of the business. Later, Villalba-Lopez recovered the rest of the methamphetamine from the trunk of a vehicle located at the business. The substance was tested at the DEA Laboratory and tested positive for methamphetamine. The substance weighed 190.8 grams and contained 49.6 grams of pure drug.
> On February 28, 2002, Mendoza made contact with Defendant Landa-Palafox and arranged for the purchase of a pound of methamphetamine. The methamphetamine was delivered to the business and given to Defendant Landa-Palafox by an individual later identified as co-Defendant Ismael Sanchez Diaz. However, Mendoza was advised that there was only one-half pound. Mendoza then gave Defendant Landa-Palafox $2,500.00. The substance was tested at the DEA Laboratory and tested positive for methamphetamine. The substance weighed 220.6 grams and contained 30.0 grams of pure drug.
> Subsequently DEA made the following purchases from

---

[1] CCNU stands for the Yakima City/County Narcotics Unit.

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY ~ 2**

Defendants Landa-Palafox and/or Villalba-Lopez:[2]
<u>March 29, 2002</u>-423.2 net grams of methamphetamine containing 71.9 grams of pure drug-$5,000,00.
<u>June 24, 2002</u>-212.7 net grams of methamphetamine containing 48.9 grams of pure drug-$2,200.00.
On October 25,2002, Defendants Landa-Palafox and Villalba-Lopez were arrested by DEA.  Defendant Villalba-Lopez provided a statement wherein he admitted that he and Landa-Palafox were engaged in the distribution of controlled substances.

(Ct. Rec. 33).

## DISCUSSION

**1.    Standard of Review**

Under 28 U.S.C. § 2255, a federal prisoner may file a motion with the court to vacate, set aside, or correct his or her sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was not authorized by law; or (4) the sentence is otherwise subject to collateral attack.

**2.    Defendant's Claims**

   **A.    The Government Breached the Plea Agreement**

Defendant argues that the Government breached the plea agreement because the plea agreement provided that the Government was to recommend a low-end sentence within the Guideline range, the Government did not recommend a low-end sentence at sentencing, and consequently, Defendant did not receive a low-end sentence at sentencing.

The plea agreement contained the following relevant provisions:

IV. 1.  The parties understand that the Court will determine the Offense Level, Criminal History Category and Sentencing Range after considering the Presentence Investigation Report and considering the evidence and argument of the parties.

IV.3.  The parties have reached no agreement as to the applicable Base

---

[2]The plea agreement indicated that Defendant disputed the weights and purity of the substances noted below.

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY ~ 3**

Offense Level, and the defendant reserves the right to argue the quantity of drugs attributable to the defendant and to argue for a downward departure pursuant to applicable U.S.S.G. provisions at the time of sentencing.

IV.4. The Government agrees to recommend a low end sentence within the guideline range determined by the Court at the time of sentencing.

(Ct. Rec. 33).

The Presentence Investigative Report applied a Base Offense Level of 32, added two points for obstruction of justice and did not apply an adjustment for acceptance of responsibility, which resulted in an Adjusted Offense Level of 34. The PIR calculated Defendant's criminal history at a category III, with the resultant sentencing range of 188-235 months

In its October 2003 sentencing memorandum, the Government argued that Defendant had failed to establish a basis for any departure from the U.S. Guidelines, and that Defendant was not eligible for the safety valve. The Government recommended that the court impose a sentence of 168 months.

The sentencing hearing was continued a number of times due to the dispute about the relevant drug quantities. Ultimately, the parties entered into a stipulation regarding the relevant quantity of drugs for sentencing purposes. The parties stipulated to an offense level of 32, and after a reduction for acceptance of responsibility an Adjusted Offense Level of 29 (Ct. Rec. 85).[3]

At the sentencing hearing, the Government indicated that the parties had agreed to a base offense level of 32, and that the mandatory ten-year sentence would apply pursuant to 21 U.S.C. § 841(b). The Government requested a 120

---

[3] A Base Offense Level of 32 corresponds with at least 500 grams, but less than 1.5 kilograms of a mixture containing methamphetamine, or at least 50 grams, but less than 150 grams of actual methamphetamine. § 2D1.1

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY ~ 4**

month sentence.[4]

Although it does not appear that Defendant asserted this claim on direct appeal, the Government based its objection on the fact that it did not breach the plea agreement. The Court agrees.

At the sentencing hearing, the Court computed the relevant Adjusted Offense Level to be 31 and a criminal history score of 3, which resulted in a sentencing range of 135 to 168 months. According to the plea agreement, the Government was required to recommend the low-end of the guideline range as determined by the Court. The Government recommended a 120-month sentence.

The Court concludes that the Government did not breach the plea agreement when it recommended a 120-month sentence. As such, Defendant's first claim is denied.

**B.    Denial of Effective Assistance of Counsel**

Defendant argues that his counsel at sentencing was ineffective for failing to require the Government to overcome the burden of proof regarding: (1) the use of minor uncounseled convictions resulting in an overstatement of his criminal history; (2) obstruction of justice; (3) the use of cocaine to enhance a methamphetamine conviction sentence exposure; (4) sentencing entrapment; and (5) breach of the plea agreement.

To establish ineffective assistance of counsel, Defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance

---

[4]Although not necessarily explicit, the Government made the following statement: "It resulted, under the old system, and I think still under that, with a mandatory ten years, which is sort of our cutoff in this kind of case, *we're looking for that*, and so rather than have a trial, rather than bring in a lot of people, use up a lot of resources, we got an agreement to the 32, that there is a mandatory ten per statute.

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY ~ 5**

prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir. 2003). To satisfy *Strickland's* first prong, the acts or omissions must fall "outside the wide range of professionally competent assistance." *Id.* at 690. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. A deficient performance prejudices a defense if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id. Strickland's* second prong thus "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

The Court starts from the presumption that Defendant's counsel is "competent to provide the guiding hand that the defendant needs." *United States v. Cronic*, 466 U.S. 648, 658 (1984); *see also Soppahthavong v. Palmateer*, 378 F.3d 859, 868 (9th Cir. 2004), *quoting Strickland*, 466 U.S. at 690 ("A court must scrutinize counsel's performance deferentially: '[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'").

### i.  Use of Minor Uncounseled Prior Convictions

Defendant filed a sentencing memorandum on October 9, 2003, in which he challenged the use of the uncounseled convictions. Moreover, it is Defendant's burden, not the Government's, to establish that these convictions should not be counted. *See Iowa v. Tovar*, 541 U.S. 77, 92 (2004). As such, his claim based on ineffective assistance of counsel for failing to challenge the use of the minor uncounseled convictions is denied.

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY ~ 6**

### ii.     Obstruction of Justice

Defendant argues that his counsel's performance was deficient because he did not challenge the imposition of the obstruction of justice charge.

At the sentencing hearing, the Court indicated that it was going to apply the obstruction of justice enhancement because of Defendant's refusal to acknowledge the prior convictions, even in the face of overwhelming evidence to the contrary. Defendant' counsel indicated to the Court that Defendant continued to maintain that the specific convictions were not his.  The Court concluded that Defendant was making this argument in an attempt to qualify for the safety valve.  Defendant is not arguing that this was not his position at the time of sentencing.  Defendant's counsel was not ineffective in failing to argue that the Government had not met its burden of establishing the obstruction enhancement, given the overwhelming evidence before the Court that Defendant had obstructed justice by continuing to deny that the convictions were his.

### iii.     Use of Cocaine to Enhance Methamphetamine Conviction

Defendant argues that his counsel's performance was deficient because he failed to challenge the U.S. Probation officer's calculations that included the cocaine.  The parties stipulated to a Base Offense Level of 32, which is what the Court used.  The Court did not rely on the inclusion of the cocaine to set the Base Offense Level.  As such, Defendant's claim based on the use of cocaine to enhance the methamphetamine conviction is denied.  Additionally, the U.S. Guidelines specifically contemplate establishing a Base Offense Level based on quantities of different drugs.  There was nothing improper regarding the U.S. Probation Officer's calculations, so there would be no basis for an objection based on the use of the cocaine.

### iv.     Sentencing Entrapment

Defendant argues that his counsel was ineffective for failing to require the

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY ~ 7**

Government to show that he was not entrapped. Defendant misunderstands the burden of proof in establishing this defense. It is Defendant's burden to prove sentencing entrapment by a preponderance of the evidence. *United States v. Parrilla*, 114 F.3d 124, 127 (9th Cir. 1997).

To the extent that Defendant is arguing that his counsel was ineffective for failing to argue that sentencing entrapment occurred, such a decision is left up to the exercise of reasonable professional judgment. Moreover, Defendant has failed to show that there was adequate basis in the record to make this argument and has thus failed to show that had his counsel made this argument, the outcome would have been different.

### v.  Breach of Plea Agreement

Defendant appears to argue that his counsel was ineffective because he failed to argue at the sentencing hearing that the Government breached the plea agreement. As discussed above, there was no breach, and there was no basis for presenting such an argument to the Court.

### vi.  Conclusion

Defendant has failed to meet his burden under the *Strickland* analysis that his counsel's performance was ineffective. As such, Defendant's second claim is denied.

### C.  Due Process Violation for Obstruction of Justice Enhancement

Defendant argues that the Court violated his due process rights by applying the obstruction of justice enhancement. A district court's factual findings must be supported by a preponderance of the evidence. *United States v. Sager*, 227 F.3d 1138, 1146 (9th Cir. 2000). Use of the preponderance of the evidence standard generally satisfies any due process concerns. *United States v. Staten*, 466 F.3d

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY ~ 8**

708, 717 (9th Cir. 2006).[5]  As discussed above, the record clearly established by a preponderance of the evidence that Defendant refused to acknowledge that the prior convictions were his, even in light of overwhelming evidence to the contrary. Thus, Defendant's claim that his due process rights were violated by the application of the obstruction of justice enhancement fails.

Moreover, petitioners cannot, in a § 2255 motion, challenge non-constitutional sentencing errors that were not raised either at sentencing or on direct appeal.  *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1995). Failure to make a proper objection concerning a sentence or sentencing procedure to the district court or in a direct appeal from the sentencing decision results in a waiver of the right to object in later, collateral proceedings.  *Id.*

**D.    Use of Minor Uncounseled Prior Convictions Unjustly Enhanced Sentence Exposure**

Defendant argues that the district court's use of four uncounseled convictions over-represented his criminal history.  Whether to downward depart based on an over-representation of a defendant's criminal history is left to the sound discretion of the Court.  *See United States v. Webster*, 108 F.3d 1156 (9th Cir. 1997).  Defendant has not shown that his constitutional rights were violated or that the sentence was unlawful by the failure of the Court to depart or to not include the uncounseled convictions when computing the criminal history scores.

Also, pursuant to *Schlesinger*, Defendant has waived the right to make this argument in a § 2255 petition.  149 F.3d at 485.

Accordingly, **IT IS HEREBY ORDERED:**

---

[5]The *Staten* court recognized that in some cases, a clear and convincing standard is required where the application of an enhancement would have an extremely disproportionate effect on the sentence.  *Id.*  A two-point enhancement for obstruction does not rise to the level of requiring clear and convincing evidence.

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY ~ 9**

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody(Ct. Rec. 118) is **DENIED**.

2. Defendant's Motion to Appoint Counsel (Ct. Rec. 136) is **DENIED**.

3. Defendant's Motion to Compel (Ct. Rec. 123) is **DENIED** as moot.

4. The District Court Executive is directed in enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, provide copies to Defendant and counsel for the Government, and close the file.

**DATED** this 13th day of November, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2002\Landa-Palafox\deny.2255.wpd

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY ~ 10**